IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRENT ANTHONY TORRES                                                    PLAINTIFF

v.                                   Civil No. 2:23-cv-02007-PKH-MEF

JUDGE MARK McCONE,[1]                                               DEFENDANTS
CRAWFORD COUNTY DETENTION
CENTER, DR. WHITE, JOHN DOE
MEDICAL STAFF, and AMERICAN
CORRECTIONAL MEDICAL CARE

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28

U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[2]

Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.      BACKGROUND

Plaintiff filed his Complaint on January 12, 2023.  (ECF No. 1).  Plaintiff is currently a

pretrial detainee in the Crawford County Detention Center ("CCDC").  (*Id*. at 1).  Plaintiff names

the Crawford County Detention Center in the portion of the Complaint where he is to name

Defendants.  (*Id*. at 3).  For his first claim, Plaintiff names Judge Mark McCune, Division 1, of the

Twenty-First Judicial District, in Van Buren, Arkansas.  (*Id*. at 4-5).  He alleges Judge McCune

---

[1] The correct spelling is McCune.
[2] Enacted as part of the Prison Litigation Reform Act ("PLRA").

denied him a speedy trial.  (*Id*. 4-5).  For his second claim, Plaintiff alleges that Judge McCune

violated his Eighth Amendment rights by assigning him an "unobtainable bond."  (*Id*. at 6-7).

For his third claim, Plaintiff alleges that he was denied "proper medical care and services"

at CCDC from November 14, 2022, until the time he filed his Complaint.  (*Id*. at 7).  Plaintiff

alleges he has "pins and plates with fusions of C4-C7 in his neck."  He alleges this results in

"severe chronic pain."  (*Id*. at 8).  He alleges he is "supposed to be on proper pain, muscle, and

nerve pain meds, and seeing a neurologist regularly."  (*Id*.).  Plaintiff alleges Dr. White and the

John Doe medical staff have overcharged him for "mediocre medical care" and have denied him

"proper medications" and "proper sleeping arrangements."  (*Id*.).  Plaintiff alleges that he

"suffer[s] in pain, and [is] in fear for [his] health and safety."  (*Id*.).  Plaintiff describes the medical

care provided as "inadequate and negligent."  (*Id*.).  Plaintiff proceeds against the Defendants for

this claim in their official and individual capacities.  (*Id*.).

Plaintiff seeks compensatory and punitive damages.  (*Id*. at 9).  As part of his request for

relief, Plaintiff states:

> I would like all of the compensatory damages upwards of 100,000 for my loss of
> time, life, and my pain and suffering while behind bars, and relief from this
> assuming of guilt that is an injustice to me and others.
>
> The jail, courts, and whole system needs to be re-evaluated and fixed for proper
> housing, medical care, and following rights per our constitutional human welfare.
>
> And would like any and all financial damages I am to be given for my suffering
> and loss.  (*Id*.).

## II.        LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being

issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.      ANALYSIS

#### A.      Judge McCune

Judge McCune, an Arkansas Circuit Court Judge for the Twenty-First Judicial District, Division 1, is immune from suit.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in only two situations: (1) if the challenged act is nonjudicial, and (2) if the action, although judicial in nature, was taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11.  It is clear from the allegations of the Complaint that neither situation applies here.  Plaintiff's claims against Judge McCune are subject to dismissal.

### B.      Crawford County Detention Center

The Crawford County Detention Center is not a person or a legal entity subject to suit under § 1983.  *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (jails are not legal entities amenable to suit); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

### C.      Dr. White, John Doe Medical Staff and American Correctional Healthcare

Plaintiff failed to state a plausible claim for medical indifference.  The Eighth Amendment[3] prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs.  *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012).  To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those

---

[3] The Eighth Amendment deliberate indifference standard applies to all denial of medical care claims including those by arrestees and pretrial detainees.  *Carpenter v. Gage*, 686 F.3d 644, 650 (8th Cir. 2012) (noting that while an arrestee's denial of medical care is properly analyzed under the Due Process Clause of the Fourteenth Amendment the analysis parallels that under the Eighth Amendment).

needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id.*

It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* (internal citations omitted). Despite this, issues of fact exist when there is a question of whether medical staff exercised independent medical judgment, and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990).

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05. However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.*,

5

557 F.3d 628, 633 (8th Cir. 2009). "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials 'ignored an acute or escalating situation or that [these] delays adversely affected his prognosis[,]'" *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (citations omitted), unless the need for medical attention is obvious to a layperson, in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub*, 638 F.3d at 919 (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999)); *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995); *cf. Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

Here, Plaintiff has alleged that he has pins, plates and "fusions" in his neck. The Court will assume, for the purpose of screening, that this constitutes an objectively serious medical need sufficient to meet the first, objective prong of the deliberate indifference test. However, his conclusory statements that he did not receive "proper" medication or sleeping arrangements, and that his medical care was "mediocre, inadequate, and negligent," fail to allege sufficient specific facts as to the second, subjective prong of the deliberate indifference test. Plaintiff has not alleged that he was denied pain medication or other medical care. He has not specifically described either what medications or what sleeping arrangements were needed and denied. Nor has he alleged that the Medical Defendants ignored an acute or escalating situation or that any delay in treatment adversely affected his prognosis. *Martin*, 780 F.2d at 1337 (Even a pro se plaintiff must allege specific facts sufficient to support a claim). Plaintiff's mere disagreement with the medical care and sleeping arrangements provided at CCDC does not rise to the level of a constitutional violation.

## IV.      CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of February 2023.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE